Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida ▾

_____ Division

Cody Gabriel

_____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*
-v-

SLS Lux Brickell Hotel

_____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: *(check one)* ☑ Yes ☐ No

FILED BY _____ D.C.

SEP 16 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.    **The Parties to This Complaint**

A.    **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Cody Gabriel |
| Street Address | 1545 NW 7th Avenue |
| City and County | Miami |
| State and Zip Code | Florida  33136 |
| Telephone Number | (305) 527 - 7543 |
| E-mail Address | codyjimmygabriel0220@outlook.com |

B.    **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                           SLS Lux Brickell Hotel

    Job or Title *(if known)*    pool attendant

    Street Address           805 S Miami Ave

    City and County        Miami

    State and Zip Code    Florida 33130

    Telephone Number    (305) 859-0202

    E-mail Address *(if known)*

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

**C.   Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | SLS Lux Brickell Hotel |
| Street Address | 805 S Miami Ave |
| City and County | Miami – Dade |
| State and Zip Code | Florida  33130 |
| Telephone Number | (305) 859-0202 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

- [✓]   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

   *(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [☒]   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

   *(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

- [✓]   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

   *(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

- [ ]   Other federal law *(specify the federal law)*:

- [✓]   Relevant state law *(specify, if known)*:

   42 U.S.C section 2000ff-6

- [ ]   Relevant city or county law *(specify, if known)*:

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

Plaintiff:

**Cody Gabriel**

1545 NW 7th Avenue 33136

Miami Fl

305-527-7543 Codyjimmygabriel0220@outlook.com

VS.

Defendants:

**SLS LUX Brickell Hotel**

805 S Miami Ave, Miami, FL 33130

+1 305-859-0202

Case No:

Jury Trial: **Yes**

### ** Complaint**

1) I, Cody Gabriel, representing the plaintiff in the case at hand, hereby submit this Complaint. The defendants in this case are SLS Lux Brickell Hotel.

2) Plaintiff Cody Gabriel brings this complaint against SLS Lux Brickell Hotel, alleging violations of employment discrimination laws following his non-hire based on a past history of rehabilitation as mandated by court order for mental health issues. Despite being a qualified candidate, Mr. Gabriel was denied employment on **12/04/2023** due to discriminatory practices that violate his rights under federal laws aimed at protecting individuals with disabilities and those with a history of mental health rehabilitation.

3) This complaint outlines specific charges under the EEOC. **42 U.S.C. § 2000e-5(b),** which prohibits discrimination based on race, color, religion, sex, or national origin; **29 U.S.C. § 211**, which protects

employee rights under the Fair Labor Standards Act; **29 U.S.C. § 626**, which safeguards older workers from discrimination; **42 U.S.C. § 12117**, enforcing the provisions of the Americans with Disabilities Act (ADA); **42 U.S.C. § 2000ff–6**, which prohibits discrimination based on genetic information. Fair credit report Act **(FCRA)15 U.S.C § 1681**, Mr. Gabriel demonstrate that he was not properly informed about how his information would be used or the nature of the consent required. **False promises**, the pool manager and general manager both stated that Mr. Gabriel was hire the position sought.

4) Mr. Gabriel seeks remedies under Florida Statute **760.07** and **760.11** for emotional distress, economic damages, front pay, and bonuses that were unjustly denied due to the hotel's discriminatory actions. This complaint highlights the critical need for accountability in ensuring fair employment practices, especially for individuals with past histories of mental health rehabilitation.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [x] Failure to hire me.
- [ ] Termination of my employment.
- [ ] Failure to promote me.
- [x] Failure to accommodate my disability.
- [x] Unequal terms and conditions of my employment.
- [x] Retaliation.
- [ ] Other acts *(specify)*: _____

   *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

   *12/04/2024*

C.   I believe that defendant(s) *(check one)*:
- [x] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [x] disability or perceived disability *(specify disability)*

   Mental Heath issues ,Bipolar disorder, _____

E.   The facts of my case are as follows.  Attach additional pages if needed.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 07/26/2024

**To:** Mr. Cody Gabriel
P.O BOX 192144
MIAMI BEACH, FL 33119
Charge No: 510-2024-05870

EEOC Representative and email:      SUSAN DIAZ
Investigator
SUSAN.DIAZ@EEOC.GOV

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 510-2024-05870.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
07/26/2024

Evangeline Hawthorne
Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 510-2024-05870 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 510-2024-05870 to the District Director at Evangeline Hawthorne, 100 SE 2nd St Suite 1500, Miami, FL 33131.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

9/16/2024

**FACTS**

**Protected Activity of Rehabilitation**

5) **Engagement in Rehabilitation**: Mr. Gabriel have been actively engaged in a court-ordered mental health rehabilitation program, demonstrating your commitment to improving Mr. Gabriel well-being.

6) **Disclosure of Rehabilitation Status**: Prior to the interview or during the hiring process, Mr. Gabriel may have informed the HR representative about his participation in this program as a part of his rehabilitation process, which is a protected activity under certain employment laws.

**Adverse Actions**

7) **Withdrawal of Job Offer**: After being assured by the pool manager and general manager of his hire, Mr. Gabriel received an unexpected email from HR indicating that another candidate was chosen, which he believes is a direct result of his rehabilitation status.

8) **Change in HR Demeanor**: The noticeable shift in the HR representative's demeanor during Mr. Gabriel interview process may indicate bias against his rehabilitation status, suggesting that it influenced their final decision.

**Violation of Fair Credit Reporting Act (FCRA)**

9) **Consent for Background Check laws**: Mr. Gabriel background history was disclosed without Mr. Gabriel consent, this could violate the Fair Credit Reporting Act. Mr. Gabriel demonstrate that he was not properly informed about how his information would be used or the nature of the consent required.

10) **Impact on Hiring Decision**: Highlight how any inquiries or investigations into Mr. Gabriel court order mental health evaluation were improper and led to the adverse decision of non-hiring.

**False Promises**

11) **Assurances from Managers**: Document the specific assurances made by the pool manager and general manager regarding Mr. Gabriel hiring, which he relied upon. Their positive feedback creates an expectation that was later contradicted by HR's decision.

12) **Expectations vs. Reality**: Explain how the abrupt change in decision-making, after receiving positive reinforcement, constitutes a breach of trust and reliability on the part of the hotel.

**Connection Between Protected Activity and Adverse Actions**

13) **Causation**: The direct link between your protected activity (engaging in rehabilitation) and the adverse action (not being hired). You can assert that your rehabilitation status was a factor that led to the unfavorable employment decision.

14) **Pattern of Discrimination**: If applicable, provide evidence that supports a pattern of discrimination against individuals who are undergoing rehabilitation or have mental health challenges within the hotel or the hospitality industry at large.

15) **Fair Credit Reporting Act (FCRA)**: Under federal law, employers must obtain written consent from an employee or applicant before conducting a background check through a third-party reporting agency. Failure to do so can result in legal consequences for the employer.

16) **Florida Statutes**: Florida law (specifically, Florida Statute 448.095) requires employers to provide notice to employees prior to conducting background checks. This notice typically includes information about the nature and scope of the investigation.

17) **Adverse Action Notification**: If an employer decides not to hire someone based on information discovered during a background check, they must provide a notice to the candidate. This includes a copy of the report used and a summary of the individual's rights under the FCRA.

18) **Privacy Considerations**: Florida has laws regarding privacy that may apply, especially if an employer is accessing sensitive information without consent.

19) **Specific State Regulations**: Certain industries may have additional regulations regarding background checks (e.g., healthcare, education) which could impose stricter requirements.

20)      These addresses employment violations as defined by the Equal Employment Opportunity Commission (EEOC) and relevant federal and state statutes within the Southern District Courts of Florida. It specifically examines the implications of 42 U.S.C. § 2000e-5(b), 42 U.S.C. § 12117, and 42 U.S.C. § 2000ff-6 29 U.S.C § 211, 29 U.S.C § 626.

21) ### 42 USC SECTION 2000e-5(b)

22)      This section pertains to the procedural requirements for filing a charge of discrimination against an employer. It mandates that the EEOC must investigate the charge and determine whether there is reasonable cause to believe that discrimination has occurred. If the EEOC finds reasonable cause, it may attempt to resolve the issue through conciliation. If conciliation fails, or if the EEOC chooses not to pursue the case, the individual filing the charge may receive a "right to sue" letter, allowing them to file a lawsuit in federal or state court. Violations under this section often involve failure to follow the proper procedures in investigating discrimination claims or inadequate communication with the complainant.

23)      ### 42 USC SECTION 12117

This section incorporates the enforcement procedures of the Americans with Disabilities Act (ADA) into the framework established by Title VII of the Civil Rights Act. It outlines the processes for filing complaints concerning disability discrimination, similar to those for other forms of discrimination. The EEOC is responsible for investigating these complaints and can take action against employers who violate the ADA. Violations may include failure to accommodate employees with disabilities or retaliating against individuals who file complaints about discrimination.

24)      ### 42 USC SECTION 2000ff-6
This section relates to the Genetic Information Nondiscrimination Act (GINA), which prohibits discrimination based on genetic information in employment. It establishes that employers cannot use genetic information in making employment decisions or in the hiring process. Violations of this section can occur when an employer discriminates against an employee or job applicant based on their genetic information, such as family medical history, or when they improperly request or disclose genetic information.

25)      ### 29 USC SECTION 211
This section is part of the Fair Labor Standards Act (FLSA) and outlines the authority of the Secretary of Labor to investigate and gather information about wage and hour violations. It requires employers to maintain accurate records of employee hours worked and wages paid. Violations under this section can include failure to keep proper records, underpayment of wages, or retaliation against employees who report violations of wage and hour laws. The Secretary of Labor can initiate investigations and enforce compliance.

26)      ### 29 USC SECTION 626
This section of the Age Discrimination in Employment Act (ADEA) addresses the prohibition of age discrimination in employment for individuals aged 40 and older. It sets forth the procedural requirements for individuals who believe they have been discriminated against based on age. This includes the requirement to file a charge with the EEOC before pursuing legal action in court. Violations can occur if an employer discriminates against an employee in hiring, promotion, or termination based on their age or retaliates against an employee for filing an age discrimination complaint.

27)      **Discrimination Claims**: The court often examines whether the EEOC followed proper procedures in investigating discrimination claims under Title VII, ensuring that employers are given the opportunity to respond before litigation.

28)      **Disability Rights**: The Southern District has adjudicated numerous cases involving the ADA, assessing whether employers provided reasonable accommodations and whether individuals were unfairly treated due to their disabilities.

29)      Here are several supporting facts to demonstrate why Mr. Gabriel are not a potential risk for the pool attendant position, based on his experience and the circumstances surrounding Mr. Gabriel application:

30)      **Extensive Experience in the Hospitality Industry**
   a. **Five Years of Relevant Experience**: Mr. Gabriel over five years of experience in various reputable establishments, including KW Property Management, Hilton Bentley Hotel, and Boucher Brothers Beach Service, shows that he has successfully handled responsibilities in high-pressure environments.
   b. **Proven Track Record**: Throughout Mr. Gabriel tenure in the hotel and hospitality industry, he has developed the necessary skills to manage guest interactions effectively, ensuring safety and satisfaction without incident.

31) **Safety and Compliance Training**

32)      **Training in Safety Protocols**: Working in the hotel industry typically involves training in safety and emergency protocols, especially for positions like pool attendant risk Mr. Gabriel experience indicates familiarity with these procedures, further reducing any risk.

33)      **Customer Service Focus**: Mr. Gabriel roles have likely required a commitment to customer service, demonstrating his ability to maintain a safe and welcoming environment for guests.

34) **Positive Interactions with Guests**
   a. **History of No Incidents positive**: Mr. Gabriel previous roles, he has maintained a clean record, showing that Mr. Gabriel have never engaged in harmful behavior or conflicts with guests. This history indicates that he can handle the responsibilities of a pool attendant without posing a risk.
   b. **Strong Communication Skills**: Mr. Gabriel experience in guest-facing roles highlights Mr. Gabriel ability to communicate effectively, address concerns promptly, and maintain a positive atmosphere around the pool area.

35) **Unfilled Position and Miscommunication**
   a. **Miscommunication During Hiring Process**: Mr. Gabriel mentioned that false promises were made during the interview process, which indicates a failure in communication rather than a reflection of his qualifications or character. This situation should not be viewed as a risk on Mr. Gabriel part.
   b. **Position Remains Unfilled**: The fact that the position was never filled suggests that there may be other factors at play within the hiring process, which do not reflect his abilities or suitability for the role.

36) **Commitment to Professionalism**
   a. **Dedication to the Job**: Mr. Gabriel willingness to work for multiple reputable companies in the hospitality industry demonstrate his commitment to your career and professionalism. This dedication shows that Mr. Gabriel take his responsibilities seriously, further alleviating concerns about potential risks.
   b. **Adaptability and Resilience**: Transitioning between different roles and companies indicates Mr. Gabriel ability to adapt and thrive in new environments, showcasing his reliability and capacity to meet job demands effectively.

37) Here are several compelling reasons why an employer should not disqualify Mr. Gabriel from an interview in the hotel industry and considerations related to mental health:

38)     **Lack of Written Consent**
   a. **FCRA Compliance**: The Fair Credit Reporting Act requires employers to obtain written consent before conducting background checks. If they failed to do so, relying on that information could be legally questionable.
   b. **Legal Protections**: If an employer disqualifies Mr. Gabriel without consent, they may be violating his rights, which can serve as grounds for legal action.

39)     **Relevant Work Experience**
   a. **Proven Track Record**: Mr. Gabriel five years of experience in the hotel industry speaks volumes about his reliability, professionalism, and ability to handle responsibilities effectively. This experience should be a primary factor in the hiring decision.
   b. **Strong Customer Service Skills**: Mr. Gabriel history of interacting positively with guests demonstrates his ability to provide excellent service, manage conflicts, and maintain a welcoming environment.

40)     **Mental Health Disability**
   a. **No Harm to Guests**: Mr. Gabriel mental health disability does not inherently pose a risk to guests or residents. Many individuals with mental health challenges lead fulfilling, productive lives and contribute positively in their workplaces.
   b. **History of Positive Interaction**: Mr. Gabriel past work history shows that you have never engaged in harmful behavior or conflicts with guests. This demonstrates his ability to maintain professionalism and composure, which is crucial in the hospitality industry.

41) **Retaliation Concerns**
   a. **Protection Under the ADA**: Mr. Gabriel have faced discrimination or retaliation related to his mental health disability, he is protected under the Americans with Disabilities Act (ADA). Disqualifying him could be seen as retaliatory, which is illegal.
   b. **Equal Opportunity Employment**: Employers are required to provide equal opportunities regardless of health status, and discrimination based on a disability can lead to legal repercussions.

42) **Impact on Workplace Diversity**
   a. **Promoting Inclusivity**: Employers that embrace individuals with diverse backgrounds, and mental health disabilities, contribute to a more inclusive work environment. This diversity can enhance team dynamics and customer service.
   b. **Positive Company Culture**: By hiring individuals from various backgrounds, including those with past challenges, companies can foster a workplace culture that values empathy, understanding, and resilience.

43) **Reputation and Employee Loyalty**
   a. **Social Responsibility**: Companies that are willing to give individuals a second chance often enjoy a positive public image. This can enhance customer loyalty and attract talent who value inclusive workplaces.
   b. **Reduced Turnover**: Hiring individuals who may have faced challenges can lead to greater employee loyalty and lower turnover, ultimately benefiting the organization.

44) **Florida's Rehabilitation Philosophy**
   a. **State Policy**: Florida has policies that encourage the reintegration of individuals with criminal records into the workforce, emphasizing rehabilitation rather than perpetual punishment.
   b. **Impact of Rehabilitation**: The law recognizes that individuals can change and should not be perpetually judged by their past actions, especially if they have demonstrated rehabilitation.

45) **Miami–Dade County's Ban the Box Ordinance**
   a. **Implementation**: The ordinance limits when public employers can inquire about criminal history, requiring them to focus on qualifications first.
   b. **Legal Compliance**: If a public employer considered criminal history before a conditional job offer, it may have violated this ordinance, undermining the principle of giving individuals a fair chance.

46) **Individualized Assessment Requirement**
   a. **Assessment of Rehabilitation**: Public employers must conduct an individualized assessment of an applicant's history, including consideration of the time elapsed since the offense, the nature of the offense, and evidence of rehabilitation.
   b. **Neglecting Context**: If the employer failed to consider factors such as the applicant's rehabilitation efforts (e.g., education, training, community service), this could be grounds for a challenge.

47) **Legal Protections for Ex-Offenders**

**Fair Employment Practices**: Florida law, alongside various federal laws, encourages fair employment practices, which include considering an applicant's qualifications over their past offenses, particularly if they have been rehabilitated.

48) **Evidence of Rehabilitation**
   a. **Demonstrated Change**: If the applicant can provide evidence of rehabilitation, such as completion of educational programs, vocational training, or testimonials from community leaders, it strengthens the argument that they should not be judged solely on their past.
   b. **Stable Employment History**: A record of stable employment post-rehabilitation can further demonstrate their fitness for the position.

49) **Public Policy Considerations**

**Reentry and Support**: Emphasize local and state initiatives aimed at supporting the reentry of individuals into society, which align with broader public policy goals of reducing recidivism and promoting a diverse workforce.

50) **Job Relevance**
   a. **Nature of the Position**: If the offense is not relevant to the job responsibilities, the employer's decision to not hire based on background history could be viewed as unjustifiable.
   b. **Assessing Suitability**: Highlight that the applicant possesses the necessary qualifications and skills that align with the job, which should take precedence over past offenses.

51) **Consistency in Hiring Practices**

   **Inconsistent Applications**: If the public employer has hired individuals with similar or worse backgrounds, this inconsistency can be highlighted to potential discrimination.

52) **Failure to Provide Clear Justification**

   **Lack of Transparency**: If the employer did not provide a clear rationale for their decision or if their reasoning was vague, it could Indicate arbitrary decision-making that does not align with fair hiring practices.

53) **Legal Precedents Supporting Rehabilitation**

   **Case Law**: Reference any relevant case law in Florida that supports the principle of considering rehabilitation in employment decisions, especially for public employers.

54) Mr. Gabriel Emphasize how these factors collectively demonstrate a violation of his rights under laws protecting individuals in rehabilitation. These points can be instrumental in building a case against a public employer in Miami for not hiring an individual based on background history, particularly in the context of rehabilitation. I believe the employer has violated these laws. Mr. Gabriel may have grounds for a complaint with the Human Relations.

55) Employment violations in the Southern District Courts of Florida are rigorously addressed under federal statutes. The EEOC plays a crucial role in investigating claims and enforcing compliance. Employers must adhere to the regulations set forth in these statutes to avoid legal repercussions. Understanding these laws is essential

for both employees and employers to ensure a fair and equitable workplace.

56)   Mr. Gabriel extensive experience in the hotel industry, a proven track record of positive guest interactions, and adherence to safety protocols demonstrate that Mr. Gabriel is not a potential risk for the pool attendant position. The issues regarding the hiring process should not reflect negatively on Mr. Gabriel qualifications or character. Mr. Gabriel have shown dedication and professionalism in his previous roles, which positions Mr. Gabriel as a valuable candidate for the job.

57)   Disqualifying Mr. Gabriel especially without proper consent, raises both legal and ethical issues. Mr. Gabriel extensive experience in the hotel industry, a history of positive guest interactions, and the absence of harmful behavior should all be strong indicators of his suitability for the role. Additionally, his mental health disability does not negate Mr. Gabriel ability to perform effectively, and discriminating against him based on this could constitute illegal retaliation. Employers should focus on Mr. Gabriel qualifications and the positive contributions he can bring to their team.

58)   In summary, while a court order for a mental health evaluation may lead to some disclosures, it does not automatically grant employers the right to access an individual's entire background history, particularly without the individual's consent. Legal protections, ethical considerations, and the relevance of the information to employment are key factors in maintaining the confidentiality.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

5/22/2024

B.      The Equal Employment Opportunity Commission *(check one)*:

☐       has not issued a Notice of Right to Sue letter.

☑       issued a Notice of Right to Sue letter, which I received on *(date)*   07/21/2024

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☒       60 days or more have elapsed.

☐       less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

**Remedy**

59)      Based on these facts, that the hiring decision reflects a potential violation of your rights under 42 U.S. Code § 2000e-5(b). The evidence suggests that discrimination based on Cody's rehabilitation history occurred, overshadowing his qualifications and work experience.

60)      Cody Gabriel seeks appropriate remedies under Florida Statute **760.07** and **760.11** for the alleged violations, including reinstatement of his application for the pool attendant position, compensation for emotional distress, economic damages, commitment from SLS Brickell Lux Hotel to implement fair hiring practices in compliance with Florida law and the Fair Labor Standards Act and American with disabilities Act 1967

61) The combination of mental health discrimination and the impact of a Rehabilitation history presents a complex legal challenge under the Rehabilitation Act of 1973. The individual may seek legal recourse for the perceived injustices, aiming to hold employers accountable for their discriminatory practices and to ensure that their rights are protected.

62)      In light of the violations of his civil rights Act 1964 and the harm caused by the discriminatory practices of the SLS Lux Brickell hotel, Plaintiff Cody Gabriel seeks the following remedies:

63)      **Emotional distress Damages**: Mr. Gabriel requests compensatory damages for the emotional distress he has suffered as a result of the Defendant's actions. This includes damages for mental anguish, depression, frustration, and anger, particularly following the loss of a beloved family member. The Defendant's refusal to hire him based solely on his          history has exacerbated these feelings, leading to a significant decline in his overall mental health. Compensatory damages are essential to acknowledge the pain and suffering endured by Mr. Gabriel and to provide him with the necessary resources for recovery.

64)      **Economic Damages**: Mr. Gabriel also seeks economic damages to compensate for the financial burden that has resulted from the Defendant's discriminatory hiring practices. This includes lost wages and benefits he would have earned had he been given a fair opportunity for employment. The financial strain has not only

affected his ability to meet basic living expenses but has also contributed to his emotional distress. Economic damages are warranted to restore Mr. Gabriel's financial stability and mitigate the adverse effects of the Defendant's actions.

65) WHEREFORE, Plaintiff Cody Gabriel

66) Enter judgment in favor of Cody Gabriel and against the Defendant for violation of Title VII of the. 42 U.S.C § 2000e-5(b), 29 U.S.C § 211, 29 U.S.C § 626, 42 U.S.C § 12117 and 42 U.S.C § 2000ff-6.

67) Award Cody Gabriel Rights under Title VII,

68) Declare that the actions of the Defendant constituted unlawful;

69) Award Cody Gabriel compensatory damages, including, lost wages and benefits, in such amount as will reasonably compensate his losses, and Economic damages

70) Award Cody Gabriel costs, non-taxable expenses in this action.

71) Award Cody Gabriel such other and further relief as the Court deems equitable

72) Grant Cody Gabriel an Injunctive Relief.

73) **Compensatory damages**:

74) **Emotional distress damages**: mental health issues, depression, humiliation, frustration, anger, grief, panic attacks, anxiety, post-traumatic trauma, anguish, fear, hypertension, Uncontrollable crying, paranoia, Psychotic and affective disorder, Diagnosis of Bipolar disorder

75) **Economic damage**: Front pay, Plus, Benefits, Bonuses

76) Cody Gabriel

77) Pool attendant

78) Address: 1545 NW 7th Avenue Miami FL 33136

79) Phone Number: (305)-527-7543

Signed: _____ Date: 9/16/2024

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   9/16/2024

Signature of Plaintiff

Printed Name of Plaintiff   Cody Gabriel

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____