UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23572-ALTMAN

**CODY GABRIEL**,

    *Plaintiff*,

v.

**SLS LUX BRICKELL HOTEL**,

    *Defendant*.

_____/

## ORDER DISMISSING FIRST AMENDED COMPLAINT

Our *pro se* Plaintiff, Cody Gabriel, has filed an Amended Complaint [ECF No. 30] and re-raised his Motion for Leave to Proceed *In Forma Pauperis* (the "IFP Motion") [ECF No. 31]. After screening the Amended Complaint under § 1915(e), we again **DISMISS** the Complaint and **DENY** the IFP Motion. That said, we'll give the Plaintiff one final chance to amend.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

"*[P]ro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), but that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

The Plaintiff's initial Complaint was a rambling mess. *See* Order Dismissing Complaint [ECF No. 29] at 3 ("Although the Complaint goes on for 24 pages, it contains just five paragraphs of factual allegations[.]"). The Amended Complaint, in contrast, is mercifully concise—but this brevity hurts the Plaintiff. He's re-raised his two most plausible claims, which arise under the Fair Credit Reporting Act (the "FCRA") and the Americans with Disabilities Act (the "ADA"). He's also lobbed in a claim for "breach of implied agreement," on the theory that the Defendant breached an agreement with him when it "assured" him that it'd hire him—but then didn't. Unfortunately, he still alleges no facts in support of any of these claims. Here's all he says:

> 9. Plaintiff has over five years of experience in the hospitality industry, having worked with KW Property Management, Hilton Bentley Hotel, and Boucher Brothers Beach Service.
>
> 10. Plaintiff applied for a pool attendant position with Defendant on December 4, 2023. During the hiring process, the pool manager and general manager assured Plaintiff that he was selected for the role.

11. Subsequently, Defendant's HR department informed Plaintiff that another candidate had been chosen, contradicting prior assurances and leading to the revocation of Plaintiffs offer.

12. Plaintiff disclosed his participation in a court-ordered mental health rehabilitation program during the hiring process.

13. Plaintiff alleges that this protected disclosure was a significant factor in Defendant's decision to revoke the job offer, constituting discrimination under the ADA.

14. Defendant conducted a background check on Plaintiff without obtaining proper written consent, as required under the Fair Credit Reporting Act (15 U.S.C. § 1681).

15. Defendant's actions caused Plaintiff severe emotional distress, economic harm, and mental health injury.

Am. Compl. ¶¶ 9–15. That's the *entire* "Factual Allegations" section of the Amended Complaint—there's nothing else. As we've already warned, these barebones allegations aren't nearly enough. None of the Plaintiff's three claims pass muster under § 1915.

   I.   **The FCRA Claim**

We'll start with the FCRA claim, which we'll dismiss without prejudice. In its first iteration, this claim fell far short of the mark:

9. **Consent for Background Check [L]aws**: Mr. Gabriel['s] background history was disclosed without Mr. Gabriel['s] consent, this could violate the Fair Credit Reporting Act. Mr. Gabriel demonstrate [sic] that he was not properly informed about how his information would be used or the nature of the consent required.

Compl. ¶ 9. When we dismissed this claim, we were clear that, "[e]ven liberally construed, this single paragraph [didn't] give us enough detail to assess whether there's any FCRA claim here. We don't know when or by (or to) whom Gabriel's 'background history' was disclosed or why Gabriel thinks it was disclosed without his consent." Order at 7. The amended FCRA claim is little better:

14. The Defendant conducted a background check on Plaintiff without obtaining proper written consent[.]

3

Am. Compl. ¶ 14. Now, at least, we know *who* allegedly accessed the Plaintiff's credit report—the Defendant. But that's still not enough. We don't know *when* the Defendant accessed the Plaintiff's "background history" or *when* the Plaintiff learned of the Defendant's check. Liberally construing the Amended Complaint, it looks as though the Plaintiff is trying to bring a claim under § 1681b(b)(2) of the FCRA, which requires an employer to notify a prospective employee through "a clear and conspicuous disclosure . . . in writing . . . before the report is procured" that the employee's credit report "may be obtained for employment purposes"—and also to obtain the prospective employee's written consent to the employer's "procurement of the report." If the Plaintiff means to advance such a claim, though, he must allege facts supporting it—and, of course, he hasn't alleged any facts at all.

## II. The ADA Claim

The ADA claim fails for similar reasons, and we therefore dismiss it without prejudice. "An ADA plaintiff establishes a prima facie case by showing (1) she has a disability; (2) she is a qualified individual under the ADA; and (3) the employer discriminated against her 'on the basis of disability.'" *Akridge v. Alfa Ins. Cos.*, 93 F.4th 1181, 1191 (11th Cir. 2024). "On the basis of disability" means that the "adverse employment action would not have occurred but for the plaintiff's disability." *Id.* at 1192. In the Plaintiff's first Complaint, he told us that he "may" have disclosed his mental-health rehabilitation to an HR representative "during [his] interview process," Compl. ¶ 6, and that there was a "noticeable shift in the HR representative's demeanor during [the] interview," *id.* ¶ 8. We held that he hadn't alleged enough to "sufficiently plead that the Defendant discriminated against him *on the basis* of his" disability. Order at 8. We told him that he needed to allege that he *actually did* inform the Defendant of his disability and specify the date on which he interviewed with the Defendant. *Ibid.* We also instructed him to "set forth as much detail as possible about the point in the interview at which he informed the Defendant of his disability (if, in fact, he did) and the 'shift' he noticed afterwards." *Id.* at 9. We cautioned him that, if chose to amend his complaint, he *had* to obey that instruction. *Ibid.*

4

("If [the Plaintiff] chooses to amend his complaint, he *must* rewrite it as we instructed him above."). As it happens, he didn't.

The Amended Complaint *does* now allege that "disclosed his participation in a court-ordered mental health rehabilitation program during the hiring process." Am. Compl. ¶ 12. It also claims that "this protected disclosure was a significant factor in Defendant's decision to revoke the job offer." *Id.* ¶ 13. But, otherwise, it *removes* every possible detail. We're not told *to whom* he disclosed his mental-health rehabilitation, *when* in the process he disclosed it, or *why* he thinks that disclosing his rehabilitation was the reason he didn't get the job. That's what we told him to *add* to the last Complaint. All he's left us with is the "conclusory statement that he was [not hired] because of his disability, which [is] not sufficient to state a discrimination claim." *Andrews v. City of Hartford*, 700 F. App'x 924, 927 (11th Cir. 2017) (affirming dismissal of ADA complaint where the complaint didn't "allege[ ] any plausible facts: (1) concerning the City official(s) who decided to fire him and why the(se) person(s) believed his [disability] significantly restricted him from one or more major life activities, including working; (2) showing how his [disability] . . . or being 'regarded as' having a disability was a 'determinative factor' in the termination decision; or (3) otherwise giving rise to an inference of disability discrimination"). We're not asking for "detailed factual allegations," but the Plaintiff "must provide more than labels, conclusions, and formulaic recitations of the elements of the cause of action." *Andrews*, 700 F. App'x at 925 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[1]

### III.   The "Breach" Claim

Finally, we squarely reject the Plaintiff's "breach of implied agreement" claim. Contracts can be implied-in-fact or implied-in-law. "A contract implied *in fact* . . . is based on a tacit promise, one

---

[1] The Plaintiff alleges in his original Complaint that he has bipolar disorder, Compl. at 6, but drops that important detail from the Amended Complaint, *see generally* Am. Compl. For purposes of this analysis, we assume without deciding that "mental health rehabilitation status" indicates a "disability" as contemplated by the ADA.

that is inferred in whole or in part from the parties' conduct, not solely from their words." *Vanguard Plastic Surgery, PLLC v. UnitedHealthcare Ins. Co.*, 2022 WL 19037216, at *2 (S.D. Fla. Feb. 9, 2022) (Dimitrouleas, J.) (quoting *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 385 (Fla. 4th DCA 1997) (emphasis added), *as modified on clarification* (June 4, 1997)). "Florida courts use breach of contract analysis to evaluate claims of breach of contract implied in fact." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). That means a plaintiff must plead the breach of an implied-in-fact contract using the standard four contract elements: "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms." *Vanguard Plastic Surgery*, 2022 WL 19037216, at *2. The standard for pleading and proving an implied-in-fact contract is higher than that for proving an express contract because "[a] greater burden should be placed upon a plaintiff who relies upon an implied contract than one who uses reasonable care and foresight in protecting himself by means of an express contract." *Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC*, 857 F. Supp. 2d 1294, 1304 (S.D. Fla. 2012), *aff'd*, 714 F.3d 1234 (11th Cir. 2013). "[A] cause of action for a contract implied *in law*," by contrast, requires the plaintiff to plead that: "(1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Trinity Yachts*, 857 F. Supp. 2d at 1306 (quoting *Equity Contracting Co.*, 695 So. 2d at 386 (emphasis added)).

The Plaintiff hasn't stated a claim for either kind of breach. He doesn't state a claim for a breach of an implied-in-fact contract because he doesn't plead that there was any kind of consideration or specification of terms. And he doesn't state a claim for breach of an implied-in-law contract because he doesn't plead that he conferred any kind of benefit on the Defendant. Indeed, because he was never hired and therefore never had any *opportunity* to confer any kind of benefit on the Defendant (for example, labor), it seems fairly obvious that he *can't* plead this claim at all.

Liberally construed, we think the Plaintiff is actually trying to assert a promissory-estoppel claim. He complains, after all, that the Defendant "assured Plaintiff of his hiring, creating a reasonable expectation of employment," and that its "revocation" of that "offer" breached an implied agreement. Am. Compl. ¶¶ 20–21. But here, too, he doesn't come close to pleading the necessary elements. "The elements required to establish promissory estoppel liability under Florida law are: (1) a promise made by the promisor; (2) 'which the promisor should reasonably expect to induce action or forbearance on the part of the promisee,' (3) that in fact induced such action or forbearance, and that (4) 'injustice can be avoided only by enforcement of the promise.'" *White Holding Co., LLC v. Martin Marietta Materials, Inc.*, 423 F. App'x 943, 947 (11th Cir. 2011) (quoting W.R. *Grace & Co. v. Geodata Servs., Inc.*, 547 So.2d 919, 924 (Fla. 1989)). Accepting that the Defendant promised the Plaintiff that it'd hire him, the Plaintiff fails to plead that the Defendant should have reasonably expected him to act or forbear from acting in a certain way, that he *did* in fact act or forbear from acting in that way, or that it'd be unjust not to enforce the alleged promise. The Plaintiff's disappointment at not being hired doesn't create a promissory estoppel.

**IV.    Amendment**

Because the Plaintiff has once again failed to state any claims, we dismiss the Amended Complaint on the terms set forth above. But, because the Plaintiff's ADA and FCRA claims (theoretically) could be properly pled, we'll give him one *final* chance to amend. We're required to give *pro se* plaintiffs "at least one opportunity to amend" before dismissing their actions "*with prejudice.*" *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)) (emphasis added). Here, dismissing the Plaintiff's ADA claim—which we view as his core claim—will cause it to fall outside the 90-day statute of limitations for employment-based ADA claims. *See Hill v. N. Mobile Nursing and Rehab.*, 2024 WL 5155753, at *2 (11th Cir. Dec. 18, 2024) ("As the dismissal occurred more than 90 days after Hill received his right-to-sue letter from the EEOC, the Title VII, ADA, and ADEA

7

claims that the court dismissed without prejudice are time-barred and cannot be refiled.").[2] That means our dismissal of (at least) the ADA claim would "amount to one with prejudice." *Ibid*. It's true that we needn't allow further amendments where there has been a "repeated failure to cure deficiencies by amendments previously allowed." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). But it's also true that the Plaintiff has only had one opportunity to amend, so we can't (yet) say he's *repeatedly* failed to cure the deficiencies in his pleadings.

So, let's make our expectations clear. To state an ADA claim, the Plaintiff must plead that he has a disability—namely, his bipolar disorder. He must then plead that he's a qualified individual—it'll suffice for him to keep the paragraph in which he alleges that he has "over five years of experience in the hospitality industry[.]" Am. Compl. ¶ 9. For purposes of § 1915, we'll accept that he's alleged that he's a qualified individual. To satisfy the third element—that he was discriminated against on the basis of his disability—he must plead as many facts as possible showing why he thinks the Defendant decided not to hire him because of his bipolar disorder. If he in fact told an interviewer about his bipolar disorder, for example, he should describe the date and time of the interview, what he'd been discussing with the interviewer when his bipolar disorder came up, and so on. If the interviewer's demeanor "shifted," as the Plaintiff seemed to try to allege in the first Complaint, the Plaintiff should describe as precisely as possible *how* the interviewer's demeanor changed. Did the interviewer react with revulsion? Did he become cold and standoffish? Did he brusquely dismiss the Plaintiff from his office? Again, we don't need "detailed factual allegations." *Andrews*, 700 F. App'x 924, 925. We just

---

[2] The Plaintiff embedded his Notice of Right to Sue Letter in his first Complaint. *See* Compl. at 7–9. Naturally, the Plaintiff doesn't say when he received this letter, but it's dated July 26, 2024. For simplicity, we'll assume that he received the letter on the day he filed the first Complaint, September 16, 2024; it's been more than ninety days since.

8

need more than the Plaintiff's bare allegation, shorn of all context and detail, that his "protected disclosure was a significant factor in the Defendant's decision" not to hire him. Am. Compl. ¶ 13.

As for the FCRA claim, if the Plaintiff is in fact trying to bring a § 1681b(b)(2) claim, he must at least plead *when* the Defendant conducted the supposedly impermissible background check and when he learned of it.[3]

\*   \*   \*

We therefore **ORDER and ADJUDGE** as follows:

1. The Amended Complaint [ECF No. 30] is **DISMISSED without prejudice**.
2. The Renewed Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 31] is **DENIED without prejudice**.
3. All other motions are **DENIED as moot**.
4. The Plaintiff may file an amended complaint by **April 4, 2025**. We will not allow him any more chances. If the amended complaint again fails to state a claim, we'll dismiss this action with prejudice.

**DONE AND ORDERED** in the Southern District of Florida on March 20, 2025.

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Cody Gabriel, *pro se*

---

[3] We're mindful that a Plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation," and that a "violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016), *as revised* (May 24, 2016). For now, though, we'll assume that the Plaintiff has standing to bring his FCRA claim. At the very least, it looks to us as though he's alleging that all the Defendant's alleged actions—including its purported FCRA violation—caused him "severe emotional distress, economic harm, and mental health injury." Am. Compl. ¶ 15.

9