UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23572-ALTMAN

CODY GABRIEL,

Plaintiff,

v.

SLS LUX BRICKELL HOTEL,

Defendant.

_____/

## ORDER

A Miami man has sued a luxury Brickell hotel, alleging violations of the Americans with Disability Act and the Fair Credit Reporting Act. The Defendant now moves to dismiss all counts. After careful review, we **GRANT** the motion to dismiss.

## THE FACTS

Our Plaintiff, Cody Gabriel, is "a Black Haitian" and "resident of Miami, Florida." Second Amended Complaint ("SAC") [ECF No. 44] ¶ 3. The Defendant, SLS Lux Brickell Hotel, "is a hospitality business operating in Miami, Florida." *Id.* ¶ 4. "In October 2023," Gabriel "applied for a Pool Attendant position with SLS Lux Brickell Hotel." *Id.* ¶ 6. "He was interviewed in person by the pool manager and the general manager[.]" *Ibid.* And (he says) they "both told him that he was selected for the position and would begin onboarding the following week." *Ibid.*

"During the interview process," Gabriel "disclosed to Ashley, a Human Resources representative[,] that he was participating in a mental health rehabilitation program as part of treatment for his bipolar disorder." *Id.* ¶ 7. Then, "[o]n or about October 31, 2023," Gabriel "received an email from Human Resources stating that the [employment] offer had been revoked and that another candidate had been selected." *Id.* ¶ 10. Gabriel "believes the decision to rescind his offer was motivated by discriminatory bias following his disclosure of a mental health disability." *Id.* ¶ 11.

But our story doesn't end there. At some point, Ashley, the Human Resources manager, "mentioned concerns related to court records, which [the] Plaintiff had not discussed[.]" *Id.* ¶ 14. This led Gabriel to conclude that "a background check had been conducted without proper notice or authorization." *Ibid.*

On September 16, 2024, Gabriel filed his Complaint [ECF No. 1] in our Court. Over the next year-and-a-half, Gabriel inundated our docket with frivolous or improper filings. So, for instance, he amended his complaint *five* times. *See* Stricken Amended Complaints [ECF Nos. 8, 13, 14, 16, 17]; *see also* October 16, 2024, Paperless Order [ECF No. 18] ("The Plaintiff has now amended his Complaint *five* times, three times in the last three business days alone. That won't do. The Plaintiff may amend his Complaint *one* more time by **October 18, 2024**. If he does, we will adjudicate that Amended Complaint. If he does not, we will adjudicate his original Complaint."). After sorting through his deluge of complaints, we *twice* dismissed his claims—both times with leave to amend. *See* First Order Dismissing Case [ECF No. 29]; Second Order Dismissing Case [ECF No. 42]. After the second dismissal, Gabriel appealed our *First* Order Dismissing Case, *see* Notice of Appeal [ECF No. 59], but the Eleventh Circuit dismissed his appeal for failure to prosecute, *see* Eleventh Circuit Order of Dismissal [ECF No. 73] ("The enclosed copy of the Clerk's Order of Dismissal for failure to prosecute in the above referenced appeal is issued as the mandate of this court.").

Our Plaintiff has also acquainted himself with other judges in our District. On October 31, 2025, Judge Ruiz of our Court found that the "Plaintiff is a 'prolific filer,' having filed at least 17 cases in this district to date, many of which allege similar violations of the Fair Credit Reporting Act." *Gabriel v. JW Marriott Miami Turnberry Resort & Spa*, 2025 WL 3039283, at *1 (S.D. Fla. Oct. 31, 2025) (Ruiz, J.); *see also Gabriel v. JW Marriott Miami Turnberry Resort & SPA*, 2025 WL 3159525, at *5 (S.D. Fla. Oct. 8, 2025) (Elfenbein, Mag. J.), *report and recommendation adopted,* 2025 WL 3039283 ("[The] Plaintiff has filed 17 cases to date, many of which have been dismissed, while others remain pending. But most of

these cases tend to have a common theme — [the] Plaintiff has sued an entity with which he previously sought and was denied employment. Many of them, like this one, allege violations of the FCRA when the defendant allegedly obtained a copy of [the] Plaintiff's consumer report and used that report to deny him employment.").

With that background in mind, we now consider the SAC, in which the Plaintiff asserts three claims: Discrimination under the ADA, in violation of 42 U.S.C. § 12112 (Count I), *see* SAC ¶¶ 22–27; Violation of the FCRA, 15 U.S.C. § 16181b(b)(2)(A) (Count II), *see id.* ¶¶ 28–33; and Mental Health Injury and Invasion of Privacy, in violation of FLA. STAT. §§ 768.26 and 768.72 (Count III), *see id.* ¶¶ 34–38. On June 20, 2025, the Plaintiff voluntarily dismissed Count III. *See* Motion to File Amended Complaint [ECF No. 54] at 2 (moving to amend the SAC to "simplif[y] the case by focusing on [his] . . . claims under the Americans with Disabilities Act (ADA) and the Fair Credit Reporting Act (FCRA)," and "withdraw Count [III] (Invasion of Privacy)"); *see also* July 2, 2025, Paperless Order [ECF No. 55] ("Unfortunately, the amended complaint he proposes to file again strips out all the detail we told him to add in our previous screening orders. If we granted the Motion and permitted the Plaintiff to file his proposed amended complaint, we'd again be forced to dismiss it under 28 U.S.C. § 1915(e). For that reason, we'll liberally construe the Motion as notifying us that the Plaintiff has voluntarily dismissed his invasion-of-privacy claim. Count III of the operative Second Amended Complaint is therefore **DISMISSED without prejudice**[.]"). We're thus left left with Counts I and II only.

The Defendant has now moved to dismiss those counts. *See* Motion to Dismiss ("MTD") [ECF No. 84]. After careful consideration, we **GRANT** the MTD and **DISMISS** the SAC **with prejudice**.[1]

**THE LAW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

**ANALYSIS**

### I.      The Plaintiff's ADA Claims

Title I of the ADA "prohibits discrimination on account of disability in employment." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "Before filing a complaint of discrimination against

---

[1] The Defendant's MTD is fully briefed and ripe for adjudication. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the Complaint ("Resp.") [ECF No. 88]; Defendants' Reply in Support of Defendants' MTD ("Reply") [ECF No. 89].

an employer under Title I of the ADA, a plaintiff must first exhaust administrative remedies by filing a charge of discrimination with the EEOC." *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 866 (11th Cir. 2020); *see also* 42 U.S.C. § 12117(a) (incorporating Title VII's filing requirements). A plaintiff "is required to file an EEOC charge within 300 days of the discriminatory act for the claim to be actionable."[2] *Penaloza v. Target Corp.*, 549 F. App'x 844, 848 (11th Cir. 2013); *see also* 42 U.S.C. § 2000e-5(e)(1) ("[S]uch charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]"). The Supreme Court has warned that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)).

The Defendant moves to dismiss Count I of the SAC because the "Plaintiff has not alleged *any* facts indicating that he filed a timely charge of discrimination with the EEOC." MTD at 4. The Defendant explains that the "Plaintiff does not allege, nor can he establish that he filed an EEOC charge within the 300-day statutory period." *Id.* at 5. "According to the SAC," SLS says, "the last possible date of discriminatory conduct was October 31, 2023, meaning [the] Plaintiff had until August 26, 2024, to file a charge, yet never did." *Ibid.* In the Defendant's view, "[t]his failure to exhaust

___

[2] Florida is a "deferral state," which means that the state "prohibit[s] the unlawful employment practice at issue and ha[s] established state or local authorities to grant or seek relief for such practice." *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262–63 (11th Cir. 2001). So, while an ADA plaintiff must ordinarily "file a charge complaining about an allegedly unlawful employment practice . . .with the EEOC within 180 days of the employment practice, [in a deferral state,] the period for filing a charge with the EEOC may be extended to 300 days." *Ibid.*; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("In a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice, an employee who initially files a grievance with that agency must file the charge with the EEOC within 300 days of the employment practice; in all other States, the charge must be filed within 180 days. A claim is time barred if it is not filed within these time limits."). The purpose of the deferral system is to "give[ ] the deferral state agencies notice of the alleged discrimination and an opportunity to investigate the allegations before the federal agency gets involved." *Maynard*, 256 F.3d at 1263.

administrative remedies bars [the] Plaintiff's ability to litigate his ADA claim and this defect cannot be cured by amendment." *Ibid.* We agree for two reasons.

*First*, the SAC is silent as to Gabriel's compliance with this prerequisite. The SAC never alleges that Gabriel filed a claim with the EEOC within the 300-day statutory period. *See generally* SAC. In fact, the SAC doesn't even mention an EEOC claim. "The timely filing of an EEOC charge is considered a condition precedent for bringing a civil action alleging employment discrimination." *Reed v. Winn Dixie, Inc.*, 677 F. App'x 607, 610 (11th Cir. 2017). And "the plaintiff need allege in the complaint only that all conditions precedent to suit have been fulfilled." *Ibid.*; *see also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) ("[A] plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" (quoting FED. R. CIV. P. 9(c)). Because the SAC fails to meet even this low bar, Gabriel's claim must be dismissed. *See Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018) (affirming the dismissal of a plaintiff's ADA claim for failure to "exhaust [all] administrative remedies by filing a charge with the EEOC"); *Gillis v. Sports Auth., Inc.*, 123 F. Supp. 2d 611, 615 (S.D. Fla. 2000) (Graham, J.) (holding that, where a plaintiff "alleges that he instituted a charge of discrimination with the EEOC," but "fails to allege in his complaint an exhaustion of administrative remedies under the FCRA, the complaint should be dismissed"); *Watson v. Republic Airlines, Inc.*, 553 F. Supp. 939, 943 (N.D. Ga. 1982) (Evans, J.) (dismissing a plaintiff's Title VII claim for "failure to allege performance of the conditions precedent").

*Second*, the Plaintiff failed to respond to the Defendant's argument. The Response *never* even mentions the MTD and *never* addresses the Defendant's argument that the "Plaintiff does not allege . . . that he filed an EEOC charge within the 300-day statutory period." MTD at 5*; see generally* Response. "[W]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned." *Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014)

(cleaned up). Moreover, "[i]f the defendant specifically denies that a timely charge has been filed, the plaintiff bears the burden of proving that she timely filed with the EEOC." *Reed*, 677 F. App'x at 610; *see also Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) ("The plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied."). Here, the Defendant specifically denied that Gabriel "filed an EEOC charge within the 300-day statutory period," MTD at 5, and Gabriel offered *no* rebuttal, *see generally* Response. The Plaintiff has thus (obviously) failed to meet his burden of proving that he's satisfied the statutory requirements. *See Rizo v. Ala. Dep't of Hum. Res.*, 228 F. App'x 832, 836 (11th Cir. 2007) ("If the defendant denies that the plaintiff had met those [prerequisites], the burden of proof is on the plaintiff to prove that he has."); *Brewer v. Alabama*, 111 F. Supp. 2d 1197, 1207–08 (M.D. Ala. 2000) (De Ment, J.) (granting summary judgment to defendants where the plaintiff failed to "advance[ ] any new arguments as to why her retaliation claims are timely"); *Kepreos v. Alcon Lab'ys, Inc.*, 2011 WL 4396974, at *8 (N.D. Ohio Sept. 21, 2011), *aff'd*, 520 F. App'x 375 (6th Cir. 2013) ("[B]ecause [the plaintiff] fails to controvert defendants' assertion that she did not timely exhaust her administrative remedies, the ADA claim asserted in Count One and the Title VII claims asserted in Counts Two and Three are dismissed."). We therefore dismiss Count I.[3]

---

[3] One final note. The Plaintiff's *first* Complaint *did* include a reference to an EEOC claim. *See* Complaint at 7 (attaching a "Determination and Notice of Rights" letter, which read as follows: "The EEOC will not proceed further with its investigation," though without *any* reference to the specific incident the letter was referring to). But we've now given the Plaintiff *three* chances to amend his allegations, and the SAC is our operative complaint. "Once an amended complaint is filed, the original pleadings are considered 'abandoned' and are 'no longer a part of the plaintiff's averments.'" *TVPX ARS, Inc. v. Genworth Life & Annuity Ins. Co.*, 959 F.3d 1318, 1327 (11th Cir. 2020) (cleaned up) (quoting *Hoefling v. City of Miami*, 811 F.3d 1271, 1276 (11th Cir. 2016)). That the Plaintiff may have included an inadequate reference to an unknown EEOC letter in his first Complaint is thus irrelevant to the question we face today—which is whether his operative SAC satisfies the ADA's statutory preconditions. *See Schreane v. Middlebrooks*, 522 F. App'x. 845, 847 (11th Cir. 2013) (holding that "[t]he district court did not err in considering [the plaintiff's] Amended Complaint to supersede his Initial Complaint" such that thirteen defendants omitted from the amended complaint were simply no longer part of the case).

## II.     The Plaintiff's FCRA Claim

The FCRA regulates the creation and use of "consumer reports"—reports prepared by "a consumer reporting agency," which include information "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics or mode of living," and which are used for, among other things, "employment purposes." 15 U.S.C. § 1681a(d)(1). "The term 'consumer' means an individual." *Id.* § 1681a(c). "Employment purposes" include "evaluating a consumer for employment, promotion, reassignment or retention as an employee." *Id.* § 1681a(d)(1). Finally, a "consumer reporting agency" is an entity "which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" *Id.* § 1681a(f).

As relevant here, the FCRA prohibits the procurement of a consumer report for employment purposes, unless: (1) "a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured . . . that a consumer report may be obtained for employment purposes"; and (2) "the consumer has authorized in writing . . . the procurement of the report." *Id.* § 1681b(b)(2)(A). The FCRA mandates that this disclosure be "in a document that consists solely of the disclosure." *Ibid.*

Our Plaintiff brings a claim under § 1681b(b)(2)(A) of the FCRA. He alleges that, "[d]uring the hiring process, [the] Defendant conducted a background check on [the] Plaintiff without providing a written disclosure or obtaining his written authorization, in violation of FCRA § 1681b(b)(2)(A)." SAC ¶ 12. Gabriel believes that the SLS ran a background check because the hiring manager, Ashley, "mentioned concerns related to court records, which [the] Plaintiff had not discussed," suggesting (in the Plaintiff's view) that "she had access to personal history that [the] Plaintiff never voluntarily disclosed or authorized for use." *Id.* ¶¶ 13, 14.

8

The Defendant says this isn't enough. The Plaintiff, it argues, "relies on a conclusory 'background check' label and a stray reference to 'court records,' but pleads no facts identifying that SLS Lux hired a CRA, which then furnished a consumer report for employment purposes, or that such a report influenced SLS Lux's hiring decision." MTD at 6 (quoting SAC ¶ 14). And, our Defendant continues, "a 'consumer report' cannot reasonably be understood to include 'court records' which are often times publicly available via searching online." *Ibid.* "[H]aving access and reviewing an individual's background information through publicly available records is nonactionable under any provision of 15 U.S.C. § 1681." *Ibid.* (first citing *Sims v. 3000 Island Blvd. Condo. Ass'n*, 2022 U.S. Dist. LEXIS 170967, at *6–7 (S.D. Fla. Sept. 20, 2022) (Gayles, J.); and then citing *Alexander v. Sonny's Real Pit Bar-B-Q*, 2016 WL 9488722, at *4 (M.D. Fla. July 20, 2016) (Schlesinger, J.), *aff'd*, 701 F. App'x 931 (11th Cir. 2017)). For two reasons, we agree.

*First*, the Plaintiff again fails to respond to the Defendant's argument. *See generally* Response. Instead, he says that "he has adequately pleaded a **prima facie FCRA claim**: [the] Defendant used a consumer report for employment purposes without providing the required disclosure and obtaining his consent." *Id* at 8. In the Plaintiff's telling, the SAC "specifically alleges that '[the] Defendant conducted a background check on [the] Plaintiff without obtaining proper written consent, as required by the [FCRA].'" *Id.* at 7–8 (quoting SAC ¶ 24). At no point does Gabriel address whether "court records" could be considered a "consumer report." *See generally* Response. The Plaintiff has therefore waived any argument he could have made as to this element. *See Jones*, 564 F. App'x at 434 (noting that, "when a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned"); *Genterra Grp., LLC v. Sanitas USA, Inc.*, 2021 WL 148887, at *7 (S.D. Fla. Jan. 15, 2021) (Scola, J.) ("Failing to respond to an argument in a motion to dismiss is equal to conceding that argument.").

*Second*, the Defendant is right on the merits. "The FCRA's definition of 'consumer report' does not apply to public records from a court proceeding[ ]." *Alexander*, 2016 WL 9488722, at *4. That's because government agencies—*e.g.*, a court and its associated records—aren't consumer reporting agencies. *See Ollestad v. Kelley*, 573 F.2d 1109, 1111 (9th Cir. 1978) ("It cannot be contended seriously that agencies such as the F.B.I. compile information on persons, particularly on former employees as is the appellant, for the purpose of furnishing consumer reports to third parties."); *Mowrer v. United States Dep't of Transp.*, 14 F.4th 723, 731 (D.C. Cir. 2021) (holding that the Federal Motor Carrier Safety Administration ("FMCSA") "is not a 'consumer reporting agency'" because it "cannot fairly be described as regularly engaged in 'assembling' or 'evaluating' [ ] accident and inspection reports 'for the purpose of furnishing' them to the drivers' prospective employers" (quoting § 1681a(f)); *Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 107 (2d Cir. 2019) (holding that, "to qualify as a 'consumer reporting agency' an entity must intend to furnish a 'consumer report' under the FCRA"). Courts plainly don't "regularly engage[ ] in whole or in part in the practice of assembling or evaluating consumer credit information," and they certainly don't do so "for monetary fees, dues, or on a cooperative nonprofit basis[.]" § 1681a(f). And since our Plaintiff failed to engage with the MTD *at all*, we don't know *why* he thinks that courts and their records *would* fall within the ambit of this definition.

At most, the SAC speculates that SLS googled Gabriel and found his public court records. *See* SAC ¶ 14 ("Ashley mentioned concerns related to court records, which [the] Plaintiff had not discussed, [ ] supporting [the] Plaintiff's assertion that a background check had been conducted without proper notice or authorization."). But "procuring an individual's [ ] background information through public records is nonactionable under any provision of 15 U.S.C. § 1681." *Alexander*, 2016 WL 9488722, at *4; *see also Rush v. Macy's N.Y., Inc.*, 596 F. Supp. 1540, 1542 (S.D. Fla. 1984) (Gonzalez, J.), *aff'd in part and remanded*, 775 F.2d 1554 (11th Cir. 1985) (granting the motion to dismiss because the defendant, Macy's, "did not issue a consumer report," and "the plaintiffs fail[ed] to allege any

elements necessary for determining Macy's status as a consumer reporting agency"); *Burton v. MAPCO Expo, Inc.*, 47 F. Supp. 3d 1279, 1286-87 (N.D. Ala 2014) (Haikala, J.) (dismissing a plaintiff's FCRA claim because he "offer[ed] no support for his assertion that the defendants are within the requirements of FCRA, no support for his assertion that the defendants are a 'consumer reporting agency,' and no support for his assertion that the theft of credit card information constitutes 'furnishing consumer reports' or 'disposal' of consumer information for purposes of violation of the [FCRA]" and the plaintiff therefore "has not identified a FCRA 'standard' which the defendants purportedly violated"); *Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 401 (S.D.N.Y. 2017), *aff'd*, 925 F.3d 99 (2d Cir. 2019) (considering whether the operator of an online public records database containing "a wide array of records—including aliases, court docket references, criminal history, and other information associated with [a] name"—was a consumer reporting agency and holding that the defendant wasn't a consumer reporting agency because it "did not intend the reports generated . . . to be credit reports" and didn't "regularly' assemble[ ] information for the purpose of furnishing consumer reports to third parties, as required to fall within the definition of a CRA"). Because Gabriel has failed to plead a plausible FCRA claim, we **DISMISS** Count II.

## CONCLUSION

We've already given Gabriel two chances to amend his complaint. *See* First Order Dismissing Case; Second Order Dismissing Case. We won't give him a third. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("The district judge was not required to sua sponte grant [the *pro se* plaintiff] an opportunity to amend his complaint before dismissing it with prejudice. As the district judge correctly noted, the subject complaint was [the plaintiff's] second attempt to make a legally cognizable claim[.] . . . Because [the plaintiff] already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance."); *Mandala v. Tire Stickers, LLC*, 829 F. App'x 896, 903 (11th Cir. 2020) (affirming district court's dismissal without leave to amend where

the *pro se* plaintiff "was granted previously two opportunities to amend the complaint and cure any pleading deficiencies, yet he failed to do so"); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018) ("A district court need not allow a [*pro se*] plaintiff to amend his complaint if the plaintiff has repeatedly failed to cure previously identified deficiencies."); *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("The district court gave [the plaintiff] two opportunities to amend her complaint, and she failed to correct the deficiencies in it. Such leniency [is] sufficient . . . [for] a typical *pro se* litigant[.]").

For starters, we've already warned Gabriel that this would be his third and final opportunity to fix his deficient complaint. *See* Second Order Dismissing Case at 7 (noting that "we'll give him one *final* chance to amend"). Despite these clear admonitions, Gabriel's complaint continues to suffer from fatal flaws. Plus, our Court has already designated Gabriel as a vexatious filer. *See Gabriel*, 2025 WL 3039283, at *1 (noting that Gabriel has filed at least 17 frivolous discrimination cases). Our case falls neatly into Gabriel's pattern of asserting frivolous claims, and "the Eleventh Circuit has consistently affirmed the with-prejudice dismissal of frivolous complaints." *Oro v. US Bank Tr. Nat'l Ass'n*, 2024 WL 6965502 (S.D. Fla. June 10, 2024) (Altman, J.) (cleaned up); *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) ("We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice."). Enough is enough: The SAC is dismissed **with prejudice**.

* **

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Defendant's Motion to Dismiss [ECF No. 84] is **GRANTED**.

2. The Complaint [ECF No. 44] is **DISMISSED with prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on July 8, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record